# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY D. CHURCH, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF RENO et al., ) <br> ) <br>         Defendants. ) <br> ) | 3:12-cv-00601-RCJ-VPC <br><br> **ORDER** |

       This case arises out of the Reno Police Department's alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Pending before the Court are Motions to Dismiss (ECF Nos. 10, 17). For the reasons given herein, the Court denies the first motion as moot but grants the second motion.

## I.    FACTS AND PROCEDURAL HISTORY

       Plaintiff Jeffrey Church is a long-serving Air Force reservist who has been employed as a police officer by Defendant City of Reno (the "City") since 1980. (Compl. ¶¶ 15–16, Nov. 13, 2012, ECF No. 1). He has been a sergeant since 1988. (*Id.* ¶ 17). Plaintiff filed a class action in federal court in 1983, complaining that the City had violated USERRA by permitting the military service of its employees to affect employee benefits, and in 1987, the court granted a consent decree (the "Decree"). (*Id.* ¶¶ 18–19). Plaintiff filed another suit in 1989 to enforce the Decree, and the court found the City in contempt for having failed to adopt a written policy addressing military leave, awarding Plaintiff damages and attorney's fees, and fining the City $100 per day until compliance. (*Id.* ¶ 20). Plaintiff filed a second contempt action in 1997, and the court found

the City in contempt for having given Plaintiff a negative performance evaluation because of his service-related absences in Panama, Iraq, and Bosnia. (*Id.* ¶¶ 24–30). The Court ordered the disputed evaluation rescinded and rewritten without consideration of military absences. (*Id.* ¶ 30). Plaintiff filed a third contempt action in 1999, but the court did not make the City show cause because it had since remedied the alleged violation. (*Id.* ¶ 34). Plaintiff alleges that he was treated differently and harassed due to his military service through June 3, 2003, when he filed a complaint with the state Occupational Safety and Health Enforcement alleging that he had been constructively discharged. (*See id.* ¶¶ 35–56).

Plaintiff filed the Complaint in this Court against the City, City Manager Charles McNeely, Chief of Police Jerry Hoover, Deputy Policy Chief Ondra Berry, and Lieutenant Ronald Donnelly. Plaintiff alleged discrimination under 38 U.S.C. § 4311 and reemployment violations under § 4316. Defendants moved to dismiss for claim preclusion. Plaintiff did not respond, except to file the First Amended Complaint ("FAC"). The FAC recites the same six-and-a-half pages of factual allegations verbatim but lists single cause of action for hostile work environment under § 4311. Plaintiffs have moved to dismiss the FAC.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

The Court grants the motion to dismiss.  Section 4311 can support a hostile workplace environment claim. *See Wallace v. City of San Diego*, 479 F.3d 616, 625–26 (9th Cir. 2006).  But

such a claim requires a constructive discharge, *see id.*, and Plaintiff does not allege that he quit. He alleges only that a psychologist recommended that he not return to work, that Defendant gave him three options (return to work, retire, or refuse to return and be terminated), and that he filed a complaint with the state Occupational Safety and Health Enforcement Department alleging constructive discharge. (*See* First Am. Compl. ¶¶ 54–56, Feb. 22, 2013, ECF No. 12). Plaintiff must affirmatively allege facts making constructive discharge plausible, i.e., that he quit or retired earlier than he otherwise would have because of unlawful harassment. The allegations in the FAC are not inconsistent with constructive discharge but do not affirmatively allege it, i.e., they make it possible but not plausible.

      Normally the Court would give leave to amend to plead such facts, but here amendment is futile. The FAC alleges Defendants' actions through June 3, 2003, culminating with Plaintiff's alleged constructive discharge, but it appears that Plaintiff has already filed a claim for constructive discharge based upon the same allegations in another case. As both Plaintiff and Defendants note, Plaintiff obtained a Consent Decree against the City in 1987, and he filed contempt and enforcement actions against the City for violating the Consent Decree in 1989, 1997, 1999, and 2003. Plaintiff won the 1989 and 1997 cases in whole or in part, but he lost the 1999 and 2003 cases. Most notably, the 2003 case (3:03-cv-708-LRH-RAM) was predicated upon the same allegations as the present case, and the Court of Appeals affirmed Judge Hicks's summary judgment order in favor of Defendants. The complaint in the 2003 case named the same Defendants as the FAC, made the same factual allegations, and the fourth cause of action therein was explicitly for constructive termination. And, as the Court of Appeals noted in its memorandum decision, Plaintiff did not even appeal summary judgment on that claim.

      Plaintiff argues that the Court of Appeals affirmed dismissal of his 1997 contempt action in 1999 because at that time the hostile workplace environment theory upon which he based the contempt action was not legally viable under USERRA, *see Church v. City of Reno*, 168 Fed.

Appx. 498 (9th Cir. Feb. 9, 1999), and that Congress did not clarify that hostile workplace environment claims were viable under USERRA until 2011. But the Court of Appeals' ruling in 1999 on the 1997 action has nothing to do with Plaintiffs' constructive discharge claim in the 2003 action, summary judgment against which Plaintiff did not appeal after Judge Hicks ruled:

> Church has failed to show that his employer has created intolerable and discriminatory working conditions that would cause a reasonable person to resign. Church has failed to show that the individual acts of alleged discrimination and threats are attributable to the City rather than the individuals who allegedly committed these acts. Rather, the evidence shows that the City did take reasonable steps to accommodate Church.

(Summ. J. Order 15, Sept. 27, 2005, ECF No. 40 in Case No. 3:03-cv-708-LRH-RAM). The District Court in 2005 clearly did not dismiss the claim because it was legally unviable such that Congress's later clarification that such a claim is viable aids Plaintiff. The District Court granted summary judgment on the evidence after assuming that the claim was legally viable (and probably correctly so given the Court of Appeals's similar assumption in *Wallace* in 2006). The claim is therefore precluded from relitigation.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge